

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 28 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| **JEFF WOMACK, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs. | No. 2:17-cv-205-BRW |
| **ST. FRANCIS COUNTY, ARKANSAS** | **DEFENDANT** |

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jeff Womack, individually and on behalf of all others similarly situated, by and through his attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant St. Francis County, Arkansas ("Defendant"), he does hereby state and allege as follows:

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

### I.    PRELIMINARY STATEMENTS

1.    This is an action brought by Plaintiff Jeff Womack, individually and on behalf of all others similarly situated ("Plaintiff"), against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of

failing to pay Plaintiff and other similarly situated individuals proper minimum wages and overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, within the Eastern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Jeff Womack is an individual and resident of St. Francis County.

7. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

8. As an employee of Defendant, Plaintiff was an employee of a public agency employed in law enforcement activities, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

9. At all times material herein, Plaintiff was classified as an hourly employee for Defendant and paid an hourly rate.

10. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

12. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

13. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

14. Defendant St. Francis County, Arkansas, operates the St. Francis County Sheriff's Department where Plaintiff was employed within the three (3) years prior to the filing of this Complaint as a sheriff's deputy.

15. Defendant can be served through the St. Francis County Judge, who is Gary Hughes, 313 South Izard, Forrest City, Arkansas 72335.

16. At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

IV. **FACTUAL ALLEGATIONS**

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. At all times relevant to the allegations in this Complaint, Plaintiff was an hourly-paid employee of the St. Francis County Sheriff's Department located in Forrest City.

19. At all times material herein, Plaintiff was employed by Defendant as a sheriff's deputy.

20. Plaintiff Jeff Womack was employed by Defendant from approximately November of 2013 until October of 2017, as a sheriff's deputy.

21. Upon information and belief, Defendant did not establish a "work period" for the sheriff's department pursuant to the FLSA.

22. Plaintiff was routinely required to work in excess of 40 hours per week and was not paid for all hours worked, nor was he paid properly for overtime.

23. Even if Defendant did establish a work period for the sheriff's department, Plaintiff was routinely required to work in excess of 171 hours in a 28-day period and was not paid for all hours worked, including overtime.

24. Plaintiff was instructed to phone in his hours each day, but no matter how many hours he verbally reported, his paycheck never reflected more than 40 hours worked each week.

25. Defendant knew that Plaintiff worked in excess of 40 hours per week and also over 171 hours in a 28-day period, and Defendant required him to do so.

26. Defendant did not pay Plaintiff any overtime compensation because Defendant shorted Plaintiff's reported work hours.

27. Defendant did not provide Plaintiff with compensatory time off for his overtime hours.

28. Plaintiff spent the majority of his workdays patrolling the county, writing traffic citations, completing paperwork relating to incidents he responded to, and appearing in court as a lay witness.

29. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

30. Plaintiff did not select any employees for hire nor did he provide any formal training for any employees.

31. Plaintiff had no ability to hire and fire any employee.

32. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

33. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

34. Plaintiff did not have any responsibility for planning or controlling budgets.

35. Plaintiff was not paid for any hours he worked over 40 per week because it was Defendant's policy for Major Gene Wingo to record no more than 40 hours worked per week, even if a deputy reported more hours.

36. Plaintiff's actual day-to-day job duties and responsibilities were not exempt under the FLSA with respect to payment for time worked in excess of 40 hours per week, or alternatively 171 hours in a 28-day period.

37. Plaintiff's primary duties were policing, not managing other police officers.

38. Plaintiff regularly worked in excess of 40 hours per week, or alternatively 171 hours in a 28-day period; he did not receive any overtime compensation.

39. Although Plaintiff had assigned shifts, Plaintiff frequently had to appear in court as a lay witness, which resulted in working many additional hours over the scheduled shifts.

40. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Plaintiff brings his FLSA claims on behalf of all hourly sheriff's deputies employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

   a.   Payment for all hours worked, including a minimum wage for all hours worked for Defendant and overtime premiums for all hours worked for Defendant in excess of 40 hours in a workweek, or alternatively 171 hours in a 28-day work period; and

   b.   Liquidated damages and attorneys' fees and costs.

44. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Class are similarly situated in that they share these traits:

   a. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   b. They were paid hourly;

   c. They recorded their time in the same manner; and

   d. They were subject to Defendant's common policy of denying overtime pay for hours worked over forty per work week.

47. Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds sixteen (16) persons.

48. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

   B. **AMWA Rule 23 Class**

49. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for

violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. Plaintiff proposes to represent the class of hourly sheriff's deputies who are/were employed by Defendant within the relevant time period within the State of Arkansas.

51. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

52. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

53. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

54. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

55. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked with in Arkansas.

56. No difficulties are likely to be encountered in the management of this class action.

57. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

58. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

59. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

60. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

64. 29 U.S.C. §§ 206 and 207 require any public agency to pay employees engaged in law enforcement activities a minimum wage for all hours worked up to 40 in one week, or up to 171 in a 28-day period if such an election has been made, and time and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

65. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

66. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful minimum wage and overtime premium.

67. Defendant's failure to pay Plaintiff all minimum wages and overtime wages owed was willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

69.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

71.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 in one week, or over 171 in a 28-day period if such an election has been made, and time and a half of regular wages for all hours worked over 40 hours in a week, or over 171 in a 28-day period if such an election has been made.

73.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

74.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful minimum wage and overtime premium.

75.    Defendant's failure to pay Plaintiff all minimum wages and overtime wages owed was willful.

76.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

78. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

80. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

82. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated for all hours worked and failed to pay Plaintiff and those similarly situated a lawful minimum wage and overtime premium.

83. Defendant's failure to pay Plaintiff and those similarly situated all minimum wages and overtime wages owed was willful.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.   FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

85. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

87. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88. Defendant classified Plaintiff and the members of the proposed class as non-exempt from the overtime requirements of the AMWA.

89. Despite the entitlement of Plaintiff and members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class for all hours worked, and failed to pay Plaintiff and members of the proposed class a lawful minimum wage and overtime premium.

90. Defendant's failure to pay Plaintiff and members of the proposed class all minimum wages and overtime wages owed was willful.

91.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

92.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeff Womack respectfully prays as follows:

A.      That Defendant be summoned to appear and answer this Complaint;

B.      For orders regarding certification of and notice to the proposed collective action members;

C.      A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.      A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.      Judgment for damages for all unpaid minimum wage and overtime wage compensation owed to Plaintiff and the proposed class members under the Fair Labor

Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid minimum wage and overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JEFF WOMACK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Stacy Gibson
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com